UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TERRANCE LAWRENCE                    CIVIL ACTION NO. 11-cv-0802

VERSUS                               JUDGE WALTER

WARDEN, CLAIBORNE PARISH             MAGISTRATE JUDGE HORNSBY
DETENTION CENTER

## REPORT AND RECOMMENDATION

**Introduction**

A Bienville Parish jury convicted Terrance Lawrence ("Petitioner") of possession of over 400 grams of cocaine, and a 30-year sentence was imposed. The conviction was affirmed on direct appeal. State v. Lawrence, 32 So.3d 329 (La. App. 2d Cir. 2010), writ denied, 46 So.3d 1265 (La.).

Petitioner next filed this federal habeas petition and raised a number of issues. He later filed a state post-conviction application and presented (for the first time in state court) some of the same issues raised in the federal habeas petition. The state court denied the application as untimely, and Petitioner did not seek review of that decision.

This court noted that Petitioner was presenting a mixed petition, containing claims exhausted in the state courts and others that had not been exhausted. Petitioner was advised of his procedural options. Doc. 10. Petitioner wrote the court and stated he wished to dismiss his unexhausted claims and assert "only my exhausted claims: the initial traffic stop was illegal, the detention, questioning, search, seizure, and arrest were illegal, and the audio

of the traffic stop should have been suppressed." Doc. 17.  The state was then directed to respond with respect to those issues.  For the reasons that follow, it is recommended the petition be denied.

**Background Facts**

Petitioner was a passenger in a Honda Accord being driven by Brande Stowe one night over the 2007 Labor Day weekend when two Louisiana state troopers saw the car.  The troopers said they did not initially see a license plate on the car, so they began to follow it. They soon saw there was a license plate, but the car crossed the centerline and the fog line, which resulted in a traffic stop.

Ms. Stowe gave contradictory information about her travel schedule, and Petitioner appeared very nervous and placed a call on his cell phone to someone he described to an officer as his legal people.  Ms. Stowe refused to consent to a requested search of her car. A trooper called a canine unit, and the dog alerted on the trunk area of the car.  A search of that area revealed about nine pounds of cocaine wrapped in plastic Wal-Mart bags. Petitioner's fingerprint was found on an inside bag around a double-bagged brick of cocaine.

**Fourth Amendment Issues**

Petitioner filed in state court a motion to suppress that challenged the validity and duration of the traffic stop.  Petitioner states that counsel agreed to waive a hearing in his case and stipulate to the use of evidence produced in a similar suppression contest in Brande Stowe's case.  The trial court denied the motion to suppress.  Petitioner raised the Fourth

Amendment challenges on direct appeal, and the state appellate court addressed them at some length.

Petitioner devotes the greatest portion of his habeas brief to challenging the legality of the traffic stop, but a federal habeas court is generally barred from reviewing Fourth Amendment claims. Stone v. Powell, 96 S.Ct. 3037 (1976). In Stone, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 96 S.Ct. at 3037. To satisfy the "opportunity for full and fair litigation" requirement, the state need only provide the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim. Stone bars federal habeas consideration of that claim whether or not the defendant employs those available processes. Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002).

Petitioner filed a motion to suppress and took full advantage of the opportunity provided by the State of Louisiana to raise and litigate his Fourth Amendment arguments. The state courts rejected those arguments, and they may not now be considered on habeas review. If Petitioner wished to receive federal review of his Fourth Amendment claims, he was required to have filed a petition for writ of certiorari in the Supreme Court following the completion of his direct appeal process.

**Audio Recording of Traffic Stop**

Petitioner argued on direct appeal that the jury was allowed to hear the audio portion of the recording of the traffic stop, which included references to his criminal history and a statement by Brande Stowe on which she could not be cross-examined.  Neither Petitioner nor the State has provided the court with a copy of the recording, but the state appellate court described it as including a call by the troopers for a background check.  They were told that Petitioner's criminal history was too lengthy to recite over the radio, and they were asked to telephone the station.  The trooper on the phone with the station repeated aloud Petitioner's criminal history, which can be heard on the recording.  That history included a prior Schedule II violation in connection with a traffic stop on I-10.  Petitioner alleges that the recording also includes an exchange where Ms. Stowe was asked about the drugs and replied, "I didn't know!"  Petitioner states that the jury was thus given the suggestion that the drugs must belong to Petitioner, but Stowe could not be cross-examined on the point even though she later entered a plea bargain and admitted possession of the drugs.

The State argued to the intermediate appellate court that the audio portion of the footage was not considered testimony so was not impermissible.  The court rejected this argument and found that there was an erroneous admission of other crimes evidence.  The court ultimately concluded, however, that the error was harmless given that Petitioner was stopped in a car containing about nine pounds of cocaine, he exhibited suspicious behavior during the stop, and his fingerprint was found on an inside bag wrapped around the drugs. State v. Lawrence, 32 So.3d at 337-39.

The State represents in its memorandum filed in this court that the state appellate court decided the case without recognizing that the portion of the audio related to the prior drug arrest was muted when the video was played for the jury.  The State provides no explanation for this assertion or record citation to supporting evidence.  Petitioner, on the other hand, states in his habeas memorandum that the State responded to his writ application in the Supreme Court of Louisiana by filing an affidavit to the effect that the two prosecutors at trial purposely muted the objectionable audio portions of the DVD played for the jury.  The court has not been able to locate any such affidavit(s) in the documents submitted by Petitioner or the state court record filed by the State.  It appears the Supreme Court of Louisiana summarily denied the writ application without comment on affidavits or any other issue.

Petitioner's principal complaint about the audio is the admission of his criminal history or "other crimes" evidence.  Federal courts do not grant habeas relief based on mere errors in the application of state evidentiary rules or even consider it relevant whether state evidentiary rules were satisfied.  Only federal constitutional errors that satisfy the demanding standards of Section 2254 merit habeas relief.   The Due Process Clause provides a mechanism for relief when a state court wrongfully admits evidence, but only if the evidence is so unduly prejudicial that it renders the trial fundamentally unfair.  Bigby v. Cockrell, 340 F.3d 259, 271-72 (5th Cir. 2003), citing Dawson v. Delaware, 112 S. Ct. 1093 (1992) and Estelle v. McGuire, 112 S.Ct. 475 (1991).  The evidence must have had a substantial and

injurious effect or influence in determining the jury's verdict.  Wood v. Quarterman, 503 F.3d 408, 414 (5th Cir. 2007).

Petitioner also argues that it violated his confrontation clause rights under Crawford v. Washington, 124 S.Ct. 1354 (2004) when the jury heard the driver deny knowledge of the cocaine.  It is debatable whether the statement by the witness was testimonial, so as to require an opportunity for cross-examination, but confrontation clause violations are subject to a harmless error analysis.  Bullcoming v. New Mexico, 131 S.Ct. 2705, 2719 n. 11 (2011); U.S. v. Harper, 527 F.3d 396, 400-01 n. 3 (5th Cir. 2008).  A federal court may grant habeas relief on account of constitutional error in a state court criminal trial only if the error had a substantial and injurious effect or influence in determining the jury's verdict.  Horn v. Quarterman, 508 F.3d 306, 322 n. 24 (5th Cir. 2007).  Thus, the standards for assessing the harm of the other crimes evidence and the driver statement are the same.

The record presented to this court is too incomplete to allow a finding that the audio was not played for the jury.  The appellate court assumed that the audio was played but found it was harmless given the evidence, especially Petitioner's fingerprint on the drugs.  The undersigned agrees that the evidence of Petitioner's prior drug offense and the driver's denial of knowledge of the cocaine did not have a substantial and injurious effect or influence on the verdict.  Petitioner would almost certainly have been convicted, even absent the objectionable evidence.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days

from the date of this Report and Recommendation, file a memorandum that sets forth

arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of July, 2014.


Mark L. Hornsby
U.S. Magistrate Judge